# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE ANDERSON | : | CIVIL ACTION |
| | : | |
| v. | : | N0. 13-0903 |
| | : | |
| WARDEN OF BERKS COUNTY PRISON, MR. JOE HERMAN, RESTRICTED HOUSING UNIT GUARDS FROM THIRD SHIFT and RESTRICTED HOUSING UNIT GUARDS FROM FIRST SHIFT | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                   **March 8, 2016**

After this action was remanded by the Third Circuit and the parties submitted their pretrial memoranda, the defendants moved to file an answer with new matter. They sought to raise non-exhaustion under the Prison Litigation Reform Act ("PLRA")[1] as an affirmative defense. Because we granted the motion without the benefit of the plaintiff's response, we now reconsider our decision.

Anderson filed his complaint in the Middle District of Pennsylvania on October 4, 2012.[2] After the case was transferred to this court and dismissed without prejudice,[3] Anderson filed an amended complaint on March 14, 2013, alleging violations of his First and Eighth Amendment rights while he was temporarily held in the Berks County Prison after being transferred there from a state prison to testify as a defense witness in a homicide case. On the last day to respond to the complaint,[4] the defendants moved to

---

[1] 42 U.S.C. § 1997e(a).

[2] Compl. (Doc. No. 1-1).

[3] Order Dismissing Compl. (Doc. No. 2).

[4] May 17, 2013. *See* Waivers of Service (Doc. Nos. 8, 9).

dismiss.[5]  We converted the motion to one for summary judgment,[6] which we granted on January 8, 2014.[7]  On appeal, the Third Circuit affirmed the grant of the motion on the Eighth Amendment claim, but remanded to address Anderson's First Amendment retaliation claim.  *Anderson v. Warden of Berks Cty. Prison*, 602 F. App'x 892, 893 (3d Cir. 2015).  The remand order was issued on March 19, 2015.[8]

After a pretrial conference on April 14, 2015, we issued a scheduling order giving Anderson two weeks to file a second amended complaint.[9]  Anderson, represented by appointed counsel, elected not to do so.  The defendants did not respond to the amended complaint.

Three months later, after the close of discovery, the parties filed their pretrial memoranda.  In the defendants' memorandum, they raised for the first time the affirmative defense that Anderson failed to his exhaust his administrative remedies under the PLRA.[10]  In his pretrial memorandum, Anderson countered that the defendants had waived this affirmative defense by failing to answer the amended complaint.[11]  Three days later, the defendants moved for an extension of time to file an answer with affirmative defenses.[12]

---

[5] Mot. to Dismiss (Doc. No. 12).

[6] *See* Order Treating Mot. to Dismiss as Mot. for Summ. J. (Doc. No. 18).

[7] Order Granting Mot. (Doc. No. 35) and Mem. Opinion (Doc. No. 36).

[8] Remand (Doc. No 43).

[9] Scheduling Order (Doc. No 49).

[10] 42 U.S.C. § 1997e(a); Defs.' Pretrial Mem. (Doc No. 51) at 9.

[11] Pl.'s Pretrial Mem. (Doc. No. 52) at 3-4.

[12] Mot. for Enlargement of Time (Doc. No. 53).

Before addressing whether to extend time for the defendants to file an answer, we consider whether they have waived the non-jurisdictional exhaustion defense.

Failure to exhaust administrative remedies is an affirmative defense that must be pleaded. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). If not raised in a timely manner, the defense is waived. *See Charpentier v. Godsil,* 937 F.2d 859, 863 (3d Cir.1991) ("Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense."). To conserve judicial resources and avoid prejudice to the opposing party, a defendant must raise the defense early in the litigation. *See Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012); *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 506 (3d Cir. 2006).

In two cases, the Third Circuit deemed the defense waived when raised for the first time on appeal. *Daley v. Lappin*, 555 F. App'x 161, 167 (3d Cir. 2014) (appeal from converted summary judgment); *Jerry v. Beard*, 419 F. App'x 260, 264, (3d Cir. 2011) (appeal from motion to dismiss). In a case in the same posture as this one, it held the defendants had waived the exhaustion defense when they first raised it on remand after appeal from summary judgment. *Allah v. Blaine*, 2005 WL 8131861, at *2 (3d Cir. Dec. 21, 2005).

In *Allah*, the Third Circuit concluded that the district court had erred when it allowed the defendants to raise a non-exhaustion defense after remand. *Id.* Without considering whether Allah was prejudiced, the court reasoned that because both the district court and the circuit court had already expended considerable resources in adjudicating the plaintiff's claims, the defense had been waived. *Id.*

3

The *Allah* defendants raised the exhaustion issue shortly after remand. Here, after remand, the defendants engaged in discovery and filed their pretrial memorandum. Not until the eve of trial did they raise the issue by seeking to file a belated answer to the amended complaint.

The defendants cannot claim that they were not aware of the issue until recently. On the contrary, the exhaustion issue was apparent from the time Anderson filed his amended complaint. Anderson attached numerous inmate communication forms and grievances to his amended complaint and alleged that his claims were grieved with "nowhere to appeal."[13] The Third Circuit even flagged the issue when it remanded, stating, "We stress that we express no opinion as to the ultimate merit of Anderson's retaliation claim or whether it is vulnerable to any defenses (like failure to exhaust under 42 U.S.C. § 1997e(a))." *Anderson*, 602 F. App'x at 895 n. 3. Yet, the defendants did not raise it until the case was about to go to trial.

Allowing the defendants to raise non-exhaustion at this late stage of the litigation would frustrate the goals of avoiding prejudice and conserving judicial resources. Anderson and his counsel have already expended considerable time and expenses. Significant resources, at both the district court and circuit court levels, have been used. Therefore, we conclude that the defendants have waived the affirmative defense of non-exhaustion.

In conclusion, we shall deny the defendants' motion seeking leave to file an answer which includes the affirmative defense of failure to exhaust.[14]

---

[13] Am. Compl. (Doc. No. 3) at 4.

[14] Anderson does not object to the defendants' filing an answer without affirmative defenses.